

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| JAMES EDWARD BREWER, JR. § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> OUTBACK STEAKHOUSE OF § <br> FLORIDA, LLC, § <br> Defendant. § <br> § | Civil Action No.: 3:20-02288-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

## I.     INTRODUCTION

Plaintiff James Edward Brewer, Jr. (Brewer) brought this action alleging a common law premises liability and negligence claim against Defendant Outback Steakhouse of Florida, LLC (Outback), in the Richland County Court of Common Pleas. Outback removed the action to federal court under 28 U.S.C. §§ 1332(a), 1446(b)(3), and 1446(c)(1).

Pending before the Court is Brewer's motion to remand. Having carefully considered Brewer's motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Brewer's motion will be granted and the matter will be remanded to the Richland County Court of Common Pleas.

## II.     FACTUAL AND PROCEDURAL HISTORY

According to Brewer's complaint, "[o]n August 27, 2016, [he] was a customer at [Outback]'s restaurant on Harbison Blvd. in Columbia, South Carolina.  [Brewer] went to the restroom and slipped and fell[,] injuring his back as a result of soap on the floor[,] which had not been cleaned up by [Outback]'s employees after notice."  Brewer's Complaint ¶ 3.  Brewer, on November 1, 2018, commenced this action in the Richland County Court of Common Pleas.  In Brewer's complaint, he prayed for "judgment against [Outback] for actual damages, together with punitive damages, not to exceed $75,000.00, for the costs of this litigation."  *Id.* at 2.

Below is a timeline of the relevant dates for the Court's analysis of Brewer's motion.

| | |
|---|---|
| December 7, 2018 | Outback drafted a stipulation of damages request for Brewer to sign that confirmed damages in the action were less than $75,000.  Brewer neglected to sign the stipulation of damages. |
| February 27, 2019 | Brewer's answers to Outback's first set of interrogatories stated his damages as "pain and suffering, permanent injuries, loss of enjoyment of life, out of pocket expenses, physical and mental anguish, mental distress, lost wages" and nominal medical expenses.  Brewer's Answers to Outback's First Set of Interrogatories at 4 (capitalization modified). |
| March 14, 2019 | Outback sent an e-mail to Brewer asking for a status update on the December 7, 2018, stipulation of damages request.  Outback received no response from Brewer. |
| March 22, 2019 | Outback sent another e-mail to Brewer seeking a status update on the December 7, 2018, stipulation of damages request.  Outback received no response from Brewer. |
| April 3, 2019 | Outback sent a follow up e-mail to Brewer soliciting a status update on the December 7, 2018, stipulation of damages request.  Outback received no reply from Brewer. |
| September 17, 2019 | Outback deposed Brewer.  Brewer testified his orthopedist informed him he suffered permanent injuries and would continue to suffer with pain for the rest of his life. |

| | |
|---|---|
| January 7, 2020 | Mediation occurred, and, according to Brewer's counsel, Brewer affirmatively declined to limit his damages to $75,000. *See* Affidavit of John E. Parker ¶ 11, Brewer's Memorandum in Support of his Motion to Remand at Ex. 1 ("On [the day of mediation][,] I learned from [Brewer] that he was not willing to limit his damages to less than $75,000.00."). |
| January 10, 2020 | Brewer filed a motion to amend his complaint to remove the damages limitation. |
| April 22, 2020 | Outback filed a memorandum in opposition to Brewer's motion to amend his complaint. |
| April 28, 2020 | Brewer filed a memorandum in support of his motion to amend his complaint, arguing he "now seeks to amend the pleadings to remove his limitation on damages [as noted in his initial complaint]." Brewer's Memorandum in Support of his Motion to Amend his Complaint at 2. |
| June 9, 2020 | The state court granted Brewer's motion to amend his complaint. |
| June 17, 2020 | Outback removed the matter to this Court, and Brewer then filed the instant motion to remand the matter to state court, arguing Outback's motion to remove is untimely. |

### III. STANDARD OF REVIEW

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant." *Id.* § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.*

"A case may not be removed under subsection (b)(3) [of 28 U.S.C. § 1446] on the basis of jurisdiction conferred by section 1332 more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith . . . to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "If the notice of removal is filed more than [one] year after the commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under" 28 U.S.C. § 1446(c)(1). *Id.* § 1446(c)(3)(B).

## IV.     DISCUSSION AND ANALYSIS

Brewer contends the Court should remand the case because Outback removed the action to federal court more than one year after the commencement of the lawsuit, which is disallowed by 28 U.S.C. § 1446(c)(1). According to Section 1446(c)(1), "A case may not be removed . . . on the basis of jurisdiction conferred by [S]ection 1332 more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith . . . to prevent a defendant from removing the action."

Outback avers its removal of the action nearly a year and a half after its commencement is permissible due to the bad faith actions of Brewer. *See id.* § 1446(c)(3)(B) ("If the notice of removal is filed more than [one] year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under" the statute).

Specifically, Outback argues Brewer intentionally and deliberately failed to disclose the actual amount in controversy to prevent removal, and such actions demonstrate bad faith. *See* Outback's Response in Opposition at 9–10 ("[Brewer]'s constant concealment of his medical

4

damages, claims of permanent injury[,] and opinion on the valuation of his claims . . . demonstrates his bad faith which was designed to prevent [Outback] from removing this action . . . ."). These bad faith actions, according to Outback, allow for its removal of the matter nearly a year and a half after the commencement of the action.

Brewer generally makes the argument Outback had sufficient access to information to make an informed decision whether remove the case before the end of the one-year statutory deadline and it simply failed to do so. *See* Brewer's Memorandum in Support of his Motion To Remand at 7 ("Since [Outback] was in possession of all medical bills and records in [Brewer]'s counsel's possession one year from the commencement of this action, [Outback] was in equal position with [Brewer] in possessing the relevant evidence needed to determine whether the amount in controversy threshold had been exceeded before the one-year deadline for removal lapsed.").

Although not raised specifically by Brewer, Outback had access to at least two pieces of information within the first year after the commencement of the lawsuit whereby it could have reasonably concluded damages exceeded $75,000, thus allowing for it to remove the lawsuit within the one-year time limitation of 28 U.S.C. § 1446(c)(1).

First, Brewer's February 27, 2019, answers to Outback's first set of interrogatories, submitted less than four months after the commencement of the lawsuit, stated his damages as: "pain and suffering, permanent injuries, loss of enjoyment of life, out of pocket expenses, physical and mental anguish, mental distress, lost wages" and nominal medical expenses. Brewer's Answers to Outback's First Set of Interrogatories at 4 (capitalization modified). Other courts have held similar allegations of such injuries demonstrate damages exceed $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("It is facially apparent from Plaintiff's

5

original petition [claiming medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement] that the claimed damages exceeded $75,000.") (internal quotation omitted).

Second, in Brewer's September 17, 2019, deposition, taken less than eleven months after he commenced his lawsuit, he testified, "Well, [my Orthopedist told me] he had terrible news.  He said that it had already degenerated or something and there was no use of surgery at this point[,] and I would have to live with pain for the rest of my life."  Brewer's Deposition at 77:11–15.

But, even if the Court were not to hold Outback should have removed this case within the one-year limitation of Section 1446(c)(1), it would not find Outback could properly remove the case after one year because Outback has failed to establish bad faith on behalf of Brewer.  This is so because, again, its bad faith argument is based on information Outback possessed within the first year of the commencement of the action: namely that Brewer claimed extensive damages from the underlying accident.  S*ee* Brewer's Answers to Outback's First Set of Interrogatories at 4 (capitalization modified) (stating his damages as "pain and suffering, permanent injuries, loss of enjoyment of life, out of pocket expenses, physical and mental anguish, mental distress, lost wages" and nominal medical expenses.).  In addition, Brewer testified his orthopedist informed him he suffered permanent injuries and would continue to suffer with pain for the rest of his life.  *See* Brewer's Deposition at 77:11–15.

Consequently, inasmuch as Outback had sufficient grounds and opportunity to remove the case to federal court prior to the one-year anniversary of the filing of the complaint, its removal is time barred, and remand is proper.  Because this issue is dispositive, the Court need not address the parties' other arguments.

## V. CONCLUSION

For the reasons stated above, it is the judgment of the Court Brewer's motion to remand the complaint is **GRANTED** and the matter is **REMANDED** to the Richland County Court of Common Pleas. Therefore, all other pending motions are necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 5th day of January 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
